IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THOMAS H. CLAY | § | |
|     TDCJ-CID #1124123 | § | |
| v. | § | C.A. NO. C-12-053 |
| | § | |
| MAJOR A. AMBRIZ, ET AL. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY
PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS**

Plaintiff is a state inmate incarcerated at the Estelle Unit in Huntsville, Texas who filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 1). Plaintiff filed a motion to proceed in forma pauperis. (D.E. 6). He also filed a Rule 24 motion requesting to proceed in forma pauperis. (D.E. 5).

## I. THREE STRIKES RULE

Prisoner civil rights actions are subject to the provisions of the Prison Litigation Reform Act, including the three strikes rule, 28 U.S.C. § 1915(g). The three strikes rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals *in forma pauperis*. 28 U.S.C. § 1915(g); Baños v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. 28 U.S.C. § 1915(g); Baños, 144 F.3d at 884.

## II. ANALYSIS

Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted.  See Clay v. Ingle, No. 2:96cv133 (S.D. Tex. Nov. 13, 1997) (first strike); Clay v. Ramos, No. 2:00cv409 (S.D. Tex. June 3, 2002) (second strike); Clay v. Nueces County Jail, No. 2:00cv477 (S.D. Tex. Apr. 2, 2002) (third strike); Clay v. Christus Spohn Mem'l, No. 2:01cv002 (S.D. Tex. July 5, 2002) (fourth strike); Clay v. Nueces County Jail Sheriff Dep't, No. 2:01cv158 (S.D. Tex. Apr. 12, 2002) (fifth strike); Clay v. Vasquez, No. 2:01cv135 (S.D. Tex. May 7, 2002) (sixth strike); Clay v. TDCJ, No. 4:05cv3611 (S.D. Tex. Oct. 26, 2005) (dismissed pursuant to § 1915(g)); Clay v. Correctional Managed Health Care/UTMB, No. 3:05cv569, 2005 WL 5955716 (S.D. Tex. Nov. 3, 2005) unpublished) (dismissed pursuant to § 1915(g)); Clay v. TDCJ-CID, No. 9:05cv050 (E.D. Tex. ar. 3, 2006) (seventh strike); Clay v. Spitz, No. 9:05cv051 (E.D. Tex. May 9, 2006) (dismissed pursuant to § 1915(g)); Clay v. TDCJ-CID, No. 4:06cv059 (S.D. Tex. May 1, 2007) (dismissed pursuant to § 1915(g)).  Plaintiff is now barred from filing a civil suit unless he is in imminent danger of physical injury.

In this action, plaintiff is suing Major Ambriz, Lieutenant Miles, Assistant Warden Norris Jackson, Sergeant Barrientes, Sergeant Buttery, Officer Valdez, Officer Daughtry, Officer Hernandez, Lieutenant Garcia, as well as John Doe prison officials.  (D.E. 1).  These defendants were employed at the McConnell Unit in Beeville, Texas at the time of plaintiff's allegations.

In the complaint, plaintiff explains that he was at the Estelle Unit before being transferred to the McConnell Unit on July 31, 2009.  Id. at 1-2.  However, when he arrived at the McConnell Unit, it was full so he was sent to the Connally Unit in Kenedy, Texas.  Id. at 1.  Because there

was an inmate on his enemy list at the Connally Unit, he was subsequently transferred to the McConnell Unit on October 1.¹ Id. at 1-2.

Plaintiff alleges that prior to his October arrival at the McConnell he had a bottom bunk pass due to a medical restriction. Id. at 2. After he arrived in October 2009, he originally had a bottom bunk.

On October 26, 2009, he was called as a witness and testified about an assault of inmate Brandon Clemons by Officer Hubbard. Id. He asserts that because of this testimony, he was retaliated against by being ordered to move to a different cell despite having a restriction against climbing stairs. Id. Plaintiff asserts that various defendants were directly or indirectly involved in forcing him to move to a cell incompatible with his medical restrictions. Id. at 3. Ultimately, as a result of facing disciplinary proceedings for disobeying orders he had to crawl up stairs to a cell with a broken window, without heat or ventilation, and a leak when it rained. Id. at 4. Despite repeated attempts to get transferred to a new cell, he alleges that his requests went unheeded. Id. at 5. He further claims that he was attacked by an inmate and suffered a cracked tooth due to his complaints. Id. at 5-6. On March 4, 2010, he was transferred to 8-Building, but refused and filed a life in danger claim. Id. Finally, he claims that he was transferred back to the Estelle Unit in order to thwart an investigation into his complaints. Id.

Plaintiff also claims that he was retaliated against and moved to the inadequate cell because he wrote a grievance against Officer McLeathy on October 5, 2009.

---

¹ It appears that the year was 2009 based on the following dates in the complaint, but plaintiff did not specifically indicate it was 2009.

As a result of the treatment at the McConnell unit he alleges he was "placed in imminent danger of serious bodily injury as of the time of the alleged incidents." Id. at 7.  At the time he filed this action, he was incarcerated at the Estelle Unit. Id. at 8.

This Court must assess whether plaintiff is exposed to imminent danger of serious injury at the time that he filed his motion. Choyce v. Dominguez, 160 F.3d 1068, 1071 (5th Cir. 1998) (per curiam) (citing Baños, 144 F.3d at 884-85).  Courts have determined that in order to meet the imminent danger requirement of § 1915(g), the threat must be "real and proximate." Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted).  The harm must be imminent or occurring at the time the complaint is filed, and the plaintiff must refer to a "genuine emergency" where "time is pressing." Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003) (per curiam) (citation omitted).  Congress intended a safety valve to prevent impending harms, not those injuries which allegedly had already occurred. Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) (en banc).  "A court may find that a complaint does not satisfy the 'imminent danger' exception if the complaint's 'claims of imminent danger are conclusory or ridiculous.'" Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Ciarpaglini, 352 F.3d at 331); accord Andrews v. Cervantes, 493 F.3d 1047, 1057 n.11 (9th Cir. 2007) (same).

Plaintiff has not alleged any facts to suggest that he is in imminent danger of physical injury.  Indeed, his claims all concern events alleged to have occurred at the McConnell Unit even though he was at the Estelle Unit when he filed his action which removed the possibility that he was subject to any imminent danger.

## III. RECOMMENDATION

Plaintiff has lost the privilege of proceeding in forma pauperis, and he has failed to allege that he is in imminent danger of physical harm at the time he filed the complaint. Accordingly, it is respectfully recommended that plaintiff's motion to proceed in forma pauperis, (D.E. 6), be denied. It is also respectfully recommended that plaintiff's Rule 24 motion requesting to proceed in forma pauperis, (D.E. 5), be denied. Furthermore, it is respectfully recommended that this action be dismissed without prejudice. Finally, it is respectfully recommended that plaintiff be permitted to move to reinstate the lawsuit, but only if the $350.00 filing fee is paid simultaneously with the motion to reinstate within thirty days of the date of dismissal.

Respectfully submitted this 27th day of February 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

<u>NOTICE TO PARTIES</u>

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415 (5th Cir. 1996) (en banc).