UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| THOMAS H CLAY, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-12-53 |
| | § | |
| A. AMBRIZ, *et al*, | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING MEMORANDA AND RECOMMENDATIONS**
**TO DENY PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS***

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 (D.E. 1). Pending before the Court are (1) "Plaintiff's Rule 24 Motion of Request to Proceed *I.F.P.*" (D.E. 5); (2) Plaintiff's "Application to Proceed *In Forma Pauperis*" (D.E. 6); and (3) Plaintiff's "Compliance Application to Proceed in District Court Without Prepaying Fees or Costs" (D.E. 9). The Plaintiff's documents request permission to proceed *in forma pauperis*, while anticipating that his request will be denied under the three strikes rule. He argues that his previous filings should not constitute "strikes" and further asserts that he was in imminent danger of physical harm at the time he filed his lawsuit.

On February 27, 2012 and again on March 7, 2012, United States Magistrate Judge Brian L. Owsley issued Memoranda and Recommendations (D.E. 8 and 10), recommending Plaintiff's motions and applications to proceed *in forma pauperis* be denied and that the action be dismissed without prejudice, with leave to reinstate to be granted only upon the Plaintiff's payment of the $350 filing fee simultaneously with the filing of the motion to reinstate and within thirty (30) days of the date of dismissal.

1 / 12

Plaintiff timely filed his "Presentation of Questions of Law and Request for Teleconference Hearing with Timely Objection to Magistrate Judges Report and Recommendation" (First Objections, D.E. 12) in which he sets out a number of arguments, many of which are irrelevant, philosophical, hypothetical, duplicative, and outside of the jurisdiction of this Court.  He then filed his Second Objections (D.E. 17) which were untimely and largely repetitive of his first objections.  There are ten (10) discernible issues for the Court raised by the Plaintiff's objections, each of which will be addressed below.   For the reasons set out herein, the Plaintiff's Objections are OVERRULED, and the Memoranda and Recommendations are ADOPTED.

1.   **Is 28 U.S.C. § 1915(g) an affirmative defense or can it be raised *sua sponte* by the Court?**

Plaintiff objects to the Magistrate Judge screening his complaint *sua sponte* rather than waiting for a defendant to assert an affirmative defense.  The language of the statute is emphatic:

> *In no event* shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g) (emphasis added).  Given that *in forma pauperis* status must be applied for by the plaintiff-prisoner before he is entitled to proceed, 28 U.S.C. § 1915(a), and given that the courts are charged with determining eligibility based on the prescribed standards, section 1915(g) cannot be treated as an affirmative defense.  *See*, *Harris v.*

*City of New York*, 607 F.3d 18, 23 (2nd Cir. 2010).  The Magistrate Judge was correct in considering the three strikes issue *sua sponte*.   *Id.*   The Plaintiff's objection is OVERRULED.

      2.    **May a case constitute a "strike" when it contains multiple claims, only some of which are dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted**?

Plaintiff objects that, because some of his previous frivolous claims were joined with other claims in a single "action," the partial dismissals for frivolous claims do not count as strikes.  When an inmate's action contains meritorious claims that were not dismissed as frivolous, malicious, or for failure to state a claim, the dismissals do not count as strikes.  *Mayfield v. Texas Dept. Of Criminal Justice*, 529 F.3d 599, 617 (5th Cir. 2008) (eliminating the strike ascribed to the action after the dismissal of one of several claims was reversed on appeal); *Thompson v. Drug Enforcement Admin.*, 492 F.3d 428, 432 (D.C. Cir. 2007).

> The statute does not employ the term "claim" to describe the type of dismissal that will incur a strike. "Action" and "claim" have well-defined meanings in the pleading context. See Fed.R.Civ.P. 3 (providing that a civil "action" begins with the filing of a complaint); Fed.R.Civ.P. 8(a) (setting out the minimal requirements to state a "claim" for relief); Fed.R.Civ.P. 18(a) (providing that a party may join multiple "claims" against a single defendant). Here we believe that the obvious reading of the statute is that a strike is incurred for an action dismissed in its entirety on one or more of the three enumerated grounds. *See* 28 U.S.C. § 1915(g).

*Turley v. Gaetz*, 625 F.3d 1005, 1008-09 (7th Cir. 2010).

However, "if a complaint is dismissed in part for failure to exhaust and in part for failure to state a claim or other grounds stated in § 1915(g), the dismissal is a strike, at least insofar as the new suit does not simply re-file previously non-exhausted claims." *Pointer v. Wilkinson*, 502 F.3d 369, 376 (6th Cir. 2007).  Thus it would appear that, to avoid a strike, the other claims—that are joined in a single action with one or more strike-able claims—must have some demonstrable merit.  To hold otherwise would be to encourage the filing of frivolous claims, as prisoners could avoid incurring a strike by simply joining other frivolous claims or defendants that are dismissed for reasons that are not "frivolous, malicious, or for failure to state a claim," but are still not meritorious.  The Court OVERRULES this objection because there is no evidence that any of  Plaintiff's actions that count as strikes contained meritorious claims.

### 3.    May a case that is dismissed for want of prosecution count as a "strike?"

Plaintiff asserts that several of his actions were ultimately dismissed for failure to prosecute rather than as "frivolous, malicious, or for failure to state a claim" and therefore they do not count as strikes.  The Fifth Circuit, considering the application of strikes in an appellate context, has held that a dismissal of an appeal in its entirety for want of prosecution does not count as a strike under the three strikes rule.  *Torns v. Mississippi Dept. of Corrections*, 317 Fed. Appx. 403, 2009 WL 774352 (5th Cir. March 25, 2009).

However, it is possible that an action will still count as a strike when one or more of several independent claims were dismissed for want of prosecution, if a remaining

claim or some other conduct in the case violates section 1915(g).  *See e.g., Allen v. Clark*, 266 F. App'x 815, 817 (11th Cir. 2008) (*per curiam*) ("A dismissal for failure to prosecute [in violation of the court's local rules] made in the light of a frivolous response to a show cause order is a strike for purposes of section 1915(g).").  Several of Plaintiff's cases involved multiple claims.  Some of the claims were dismissed for failure to prosecute after other claims in the same action had been dismissed as frivolous.  Those cases count as strikes.  To hold otherwise would be to encourage frivolous or malicious claims, as prisoners would have incentive to join "throw away" claims or defendants in order to have them dismissed for want of prosecution as "insurance" to avoid a strike in case of dismissal of the other claims as "frivolous, malicious, or for failure to state a claim."

The Court OVERRULES Plaintiff's objection, finding that the actions dismissed for want of prosecution were correctly counted as strikes.  The Court also OVERRULES the objection because it is moot.  Even if Plaintiff prevailed in this objection, he still has three strikes without counting cases involving dismissals for want of prosecution.

### 4. May a matter that is adjudicated in a Rule 56 summary judgment posture count as a "strike?"

The Plaintiff suggests that, if the dismissal comes only in the form of a summary judgment procedure rather than through a motion to dismiss or initial screening, it cannot count as a strike.  The Court OVERRULES this objection because it is moot.  Only two (2) of the seven (7) cases the Court counts as strikes involved dismissals arrived at

through a summary judgment procedure.  Thus, even if the Plaintiff were to prevail on this issue, he has still incurred three strikes.  The Court thus need not reach this issue.

### 5. Is a plaintiff entitled to notice and an opportunity for a hearing to dispute whether any particular case should count as a "strike?"

The statute, 28 U.S.C. § 1915(g), does not provide for notice and a hearing prior to finding that the prisoner has already incurred three strikes.  The determination of whether a previous claim is "frivolous," "malicious," or "fails to state a claim upon which relief may be granted" is made in the context of the litigation in which the claim is adjudicated. Plaintiff's due process rights regarding notice and an opportunity to be heard on whether his claims were meritorious were afforded in those earlier proceedings.  Any use of this proceeding to raise a dispute over the labeling and disposition of the claims in those earlier proceedings would be a collateral attack that is prohibited by principles of merger and bar.  *See Boettner v. Raimer*, 122 Fed. Appx. 711, 714, 2004 WL 2853054, *2 (5th Cir. 2004).  This objection is OVERRULED.

### 6. Has Thomas Clay, in fact, suffered three strikes as defined by 28 U.S.C. § 1915(g) and as shown by sufficient proof?

Plaintiff contends that his prior litigation history does not demonstrate lawsuits that are "frivolous," "malicious," or "state claims upon which relief cannot be granted." A review of the orders in his cases, performed *de novo* by this Court, reveals that they do, in fact, demonstrate more than three strikes.

- In *Clay v. Ingle*, No. 2:96-cv-133 (S.D. Tex. Nov. 13, 1997), the Plaintiff asserted claims for deliberate indifference to serious medical needs.  Three named defendants filed a motion to dismiss the claims against them as frivolous.  Treating the motion to dismiss as a summary judgment motion, the

court dismissed the claims as frivolous. In addition, in its screening capacity under § 1915(a), the court dismissed additional claims against unnamed defendants and the "Nueces County Medical Department" as frivolous. Thus all claims brought within the action were dismissed as frivolous. This dismissed action counts as a strike.

- In *Clay v. Ramos*, No. 2:00-cv-409 (S.D. Tex. June 3, 2002), the Plaintiff asserted claims for deliberate indifference to serious medical needs, retaliation, interference with his practice of religion, and property damage and loss. In a preliminary ruling, four claims were dismissed as frivolous and/or failing to state a claim upon which relief could be granted. Four other claims were carried on the docket. However, the remaining claims were ultimately dismissed for want of prosecution after Plaintiff failed to comply with pre-trial procedures. This dismissed action counts as a strike.

- In *Clay v. Nueces County Jail*, No. 2:00-cv-477 (S.D. Tex. May 7, 2002), the Plaintiff asserted claims for excessive force, deliberate indifference to serious medical needs, and denial of due process in disciplinary proceedings. In a preliminary ruling several claims were dismissed, some of which were dismissed as frivolous or for failure to state a claim upon which relief could be granted. Some excessive force and due process claims were retained. Thereafter, the remaining claims were dismissed for want of prosecution after Plaintiff failed to comply with pre-trial procedures, with the Court denying the defendants' motion for sanctions without prejudice. This dismissed action counts as a strike.

- In *Clay v. Christus Spohn Memorial*, No. 2:01-cv-002 (S.D. Tex. July 5, 2002), the Plaintiff asserted claims for deliberate indifference to serious medical needs and impeding his right to file grievances regarding delayed medical care. In a preliminary ruling, the claims regarding impeding his right to file grievances were expressly dismissed as frivolous. His claims of deliberate indifference were retained, but were ultimately dismissed as frivolous on the remaining defendants' motion to dismiss under section 1915, which was treated as a summary judgment motion. Thus all claims brought within the action were dismissed as frivolous. This dismissed action counts as a strike.

- In *Clay v. Vasquez*, No. 2:01-cv-135 (S.D. Tex. May 7, 2002), the Plaintiff asserted claims for excessive force, due process violations, and retaliation. In a preliminary hearing, the Plaintiff testified that he did not intend to sue certain defendants who were named only as part of the background facts for his complaint. In a preliminary ruling, the claims against those defendants were dismissed without prejudice. Claims for retaliation and violation of due process were dismissed as frivolous and/or failing to state a claim upon which

relief could be granted.  The excessive force claims were retained on the docket and were ultimately dismissed for want of prosecution and failure to comply with the P.L.R.A.  This dismissed action counts as a strike.

- In *Clay v. Nueces County Jail Sheriff's Dep't.*, No. 2:01-cv-158 (S.D. Tex. Apr. 12, 2002), the Plaintiff asserted claims for denial of due process, denial of access to the law library, a slip and fall in the jail's showers, deliberate indifference to serious medical needs, retaliation, and complaints regarding conditions of confinement.  At the Spears hearing, he testified that he did not intend to sue some of his defendants, who were then dismissed without prejudice.  He further abandoned some of his claims for conditions of confinement.  The remaining claims were dismissed as frivolous and for failing to state a claim upon which relief could be granted.  This dismissed action counts as a strike.

- In *Clay v. TDCJ-CID*, No. 9:05-cv-050 (E.D. Tex. March 3, 2006), the Plaintiff asserted claims for excessive force.  Claims against defendants who were located outside of the court's jurisdiction were severed and transferred.  All remaining claims were dismissed with prejudice as frivolous.  This dismissed action counts as a strike.

These cases demonstrate more than three strikes.  Plaintiff has suffered dismissal of even more cases because of his failure to prosecute or for his violation of the three strikes rule and refusal to pay filing fees after *in forma pauperis* status was denied. *E.g.*, *Clay v. TDCJ*, No. 4:05-cv-3611 (S.D. Tex. Oct. 26, 2005); *Clay v. TDCJ-CID*, NO. 4:06-cv-059 (S.D. Tex. May 1, 2007).  There is no question that the Plaintiff has committed three strikes under 28 U.S.C. § 1915(g).  This objection is OVERRULED.

### 7.   Does the statute violate equal protection guarantees of access to the courts?

Plaintiff complains that the three-strikes rule denies prisoners equal protection of the law.  The Fifth Circuit has already rejected the argument that denying *in forma pauperis* status to a prisoner as a result of the three strikes rule violates equal protection principles. The analysis applies here:

Neither prisoners nor indigents constitute a suspect class. *See Harris v. McRae*, 448 U.S. 297, 323, 100 S.Ct. 2671, 2691, 65 L.Ed.2d 784 (1980) (indigents); *United States v. King*, 62 F.3d 891, 895 (7th Cir. 1995) (prisoners); *see also City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440-41, 105 S.Ct. 3249, 3254-55, 87 L.Ed.2d 313 (1985) (listing suspect classes). As explained above, Carson has no fundamental personal right at stake. Therefore, we review the PLRA to determine whether it is "rationally related to a legitimate state interest." *City of New Orleans v. Dukes*, 427 U.S. 297, 303, 96 S.Ct. 2513, 2516, 49 L.Ed.2d 511 (1976) (per curiam).

It can hardly be doubted that deterring frivolous and malicious lawsuits, and thereby preserving scarce judicial resources, is a legitimate state interest. *Cf. Schlup v. Delo*, 513 U.S. 298, 322-24, 115 S.Ct. 851, 865, 130 L.Ed.2d 808 (1995) (noting the societal interest in the "conservation of scarce judicial resources"). It is similarly undebatable that prohibiting litigants with a history of frivolous or malicious lawsuits from proceeding IFP will deter such abuses. The only question is whether the distinction drawn between prisoners and other litigants is rational.

We agree with the Fourth and Sixth Circuits, and find that this distinction is rational. *See Roller v. Gunn*, 107 F.3d 227, 233-34 (4th Cir.1997); *Hampton v. Hobbs*, 106 F.3d 1281, 1286-87 (6th Cir.1997). Prisoners have substantially more free time than do non-prisoners and are provided with food, housing, paper, postage, and legal assistance by the government. *See Roller*, 107 F.3d at 234.

Furthermore, "pro se civil rights litigation has become a recreational activity for state prisoners," *Gabel v. Lynaugh*, 835 F.2d 124, 125 n. 1 (5th Cir.1988) (per curiam), and prisoners have abused the judicial system in a manner that non-prisoners simply have not.   Carson's own lengthy litigation history is the strongest possible argument for the PLRA's rationality.

*Carson v. Johnson*, 112 F.3d 818, 821-22 (5th Cir. 1997) (footnotes omitted).  Without

demonstrating imminent danger, Plaintiff has no fundamental personal right at stake.  If

he were in imminent danger, he would fall into the exception that allows him to proceed *in forma pauperis* despite his many strikes.   Thus the statute does not violate equal protection guarantees.   *Brown v. Leavenworth County,* 324 Fed. Appx. 720, 725, 2009 WL 1132358, *4 (10th Cir. 2009).   Plaintiff's objection is OVERRULED.

### 8.   Has Plaintiff demonstrated that he qualifies for the "imminent danger" exception to the three strikes rule?

The Magistrate Judge performed a comprehensive analysis of Plaintiff's claims and the case law interpreting the "imminent danger" exception to the three strikes rule. He found that Plaintiff's claims are for alleged injuries occurring in the past in a prison unit to which he was no longer assigned at the time he filed his lawsuit.   Rather than showing that he is in imminent danger, Plaintiff chose to wax philosophical about what it means to be in imminent danger, including perceptions of danger, complications regarding exhaustion of administrative remedies, statutes of limitations, concepts of deterrence, and the like.   Because he did not address the standard that he has to meet or the evidence that he contends satisfies that standard, his objection is OVERRULED.

### 9.   Does 28 U.S.C. § 1915(g) conflict with 42 U.S.C. § 1997e(a)?

Plaintiff suggests that there is a fatal conflict between § 1915 and § 1997e in that the former contains provisions allowing prisoners to immediately file claims involving imminent danger, whereas the latter requires exhaustion of administrative remedies. Plaintiff's argument fails, first, because it presents nothing more than a hypothetical problem.   He has neither demonstrated imminent danger nor a denial of his claim for failure to exhaust.

Second, the alleged conflict has already been held to be nonexistent by at least one court:

> Boccio's argument based on *Skerry* is untenable because its holding applies only when the two statutes at issue conflict. *See* 73 F.Supp.2d at 52. *In forma pauperis* filing fees under the PLRA are covered under § 1915, not § 1997e.  Because § 1915 concerns judicial proceedings and assessment of filing fees whereas § 1997e concerns, inter alia, remedies available to prisoners and dismissal of prisoner suits, the two do not conflict and, therefore, § 1997e does not apply to this case. Boccio must comply with the filing fee requirement of § 1915.

*Boccio v. American Bible Society,* 637 F.Supp.2d 65, 67 (D.Mass. 2009).   Plaintiff's objection is OVERRULED.

### 10. Does the three strikes statute violate the Eighth Amendment guarantee of the right to be free from serious physical injury?

Plaintiff does not have an Eighth Amendment claim with the case in its current posture.  To the extent that he argues that he is being subjected to cruel and unusual punishment, he can make a claim for past or "non-imminent" harms if he pays his filing fee.  If he, indeed, had an imminent danger issue, he would have an exception from the filing fee requirement.  The three strikes rule, itself, does not constitute cruel and unusual punishment.

Because he has a means to seek redress, which is in reality a due process issue, his Eighth Amendment claim is misplaced in the current context of this case.  *See generally, Robinson v. Sherrod*, 631 F.3d 839, 843 (7th Cir. 2011) (observing that *res judicata* and *collateral estoppel* do not preclude a filing after dismissal for three strikes rule when the

plaintiff can refile and pay the filing fee or when that requirement is excused under the imminent danger exception); *Brown v. Leavenworth County,*  324 Fed. Appx. 720, 725, 2009 WL 1132358, *4 (10th Cir. 2009) (holding that Eighth Amendment is not violated because prisoner has no fundamental personal right at stake unless he is in imminent danger, for which there is an exception).  Plaintiff's objection is OVERRULED.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memoranda and Recommendations, as well as Petitioner's Objections, and all other relevant documents in the record, and having made a *de novo* disposition of the portions of the Magistrate Judge's Memoranda and Recommendations to which objections were specifically directed, the Court OVERRULES Petitioner's Objections and ADOPTS as its own the findings and conclusions of the Magistrate Judge.

Accordingly, "Plaintiff's Rule 24 Motion of Request to Proceed *I.F.P.*" (D.E. 5) is DENIED.  Plaintiff's "Application to Proceed *In Forma Pauperis*" (D.E. 6) is DENIED. Plaintiff's "Compliance Application to Proceed in District Court Without Prepaying Fees or Costs" (D.E. 9) is DENIED.  This action is DISMISSED WITHOUT PREJUDICE. Plaintiff may move to reinstate the lawsuit, but only if the $350.00 filing fee is paid simultaneously with the motion to reinstate within thirty days of the date of dismissal.

ORDERED this 16th day of April, 2012.

NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE