IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| THOMAS H. CLAY § | |
|     TDCJ-CID #1124123 § | |
| v. § | C.A. NO. C-12-053 |
| § | |
| MAJOR A. AMBRIZ, ET AL. § | |

**MEMORANDUM AND RECOMMENDATION TO DENY**
**PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS ON APPEAL**

Plaintiff is a state inmate incarcerated at the Estelle Unit in Huntsville, Texas who filed this civil rights action pursuant to 42 U.S.C. § 1983. (D.E. 1). Plaintiff has filed a motion for leave to proceed on appeal in forma pauperis. (D.E. 28). Additionally, he has filed an application to proceed in forma pauperis on appeal. (D.E. 30).

On February 16, 2012, plaintiff filed a motion to proceed in forma pauperis. (D.E. 6). On February 27, 2012, a memorandum and recommendation was issued recommending that the motion be denied because plaintiff is a three strikes litigant. (D.E. 8). On March 5, 2012, plaintiff filed another motion to proceed in forma pauperis. (D.E. 9). On March 7, 2012, a second memorandum and recommendation was issued recommending that the motion similarly be denied. (D.E. 10). On April 16, 2012, the Court adopted these recommendations and dismissed the action allowing plaintiff to refile within thirty days if he pays the $350 filing fee. (D.E. 18). On April 17, 2012, final judgment was entered. (D.E. 19).

On April 30, 2012, plaintiff filed a motion for relief from judgment. (D.E. 20). On May 10, 2012, the Court denied this motion. (D.E. 26). On May 18, 2012, he filed his notice of appeal. (D.E. 29).

## I. THREE STRIKES RULE

Prisoner civil rights actions including appeals are subject to the provisions of the Prison Litigation Reform Act, including the three strikes rule. This rule provides that a prisoner who has had, while incarcerated, three or more actions or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted is prohibited from bringing any more actions or appeals in forma pauperis. 28 U.S.C. § 1915(g); Baños v. O'Guin, 144 F.3d 883, 884 (5th Cir. 1998) (per curiam); Adepegba v. Hammons, 103 F.3d 383, 388 (5th Cir. 1996). The three strikes rule provides an exception permitting prisoners who are under imminent danger of physical harm to proceed without prepayment of the filing fee. 28 U.S.C. § 1915(g); Baños, 144 F.3d at 884.

## II. ANALYSIS

### A.   Plaintiff Is A Three Strikes Litigant.

Plaintiff has had at least three prior actions dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted. In Clay v. Ingle, No. 2:96cv133 (S.D. Tex. Nov. 13, 1997), plaintiff asserted claims for deliberate indifference to serious medical needs. The Court dismissed three named defendants as frivolous. Moreover, additional claims against unnamed defendants and the Nueces County Medical Department were also dismissed as frivolous. Therefore, all claims in this action were dismissed as frivolous. This dismissed action counts as a strike. (D.E. 18, at 6-7).

In Clay v. Ramos, No. 2:00cv409 (S.D. Tex. June 3, 2002), plaintiff asserted claims for deliberate indifference to serious medical needs, retaliation, interference with the practice of his religion, as well as property damage and loss. Four claims were initially dismissed as frivolous

or for failing to state a claim upon which relief could be granted. The remaining claims were dismissed for failure to prosecute by plaintiff after he failed to comply with pretrial procedures. This dismissed action counts as a strike. (D.E. 18, at 7).

In Clay v. Nueces County Jail, No. 2:00cv477 (S.D. Tex. May 7, 2002), plaintiff raised claims for deliberate indifference to serious medical needs, excessive force, and denial of due process in a disciplinary proceeding. Several claims were initially dismissed as frivolous or for failing to state a claim upon which relief could be granted. The remaining claims were dismissed for failure to prosecute by plaintiff after he failed to comply with pretrial procedures. This dismissed action counts as a strike. (D.E. 18, at 7).

In Clay v. Christus Spohn Memorial, No. 2:01cv002 (S.D. Tex. July 5, 2002), plaintiff alleged claims for deliberate indifference to serious medical needs and impeding his right to file grievances regarding delayed medical care. The claims concerning his right to file grievances regarding delayed medical care were initially dismissed as frivolous. The deliberate indifference claims were ultimately dismissed as frivolous pursuant to § 1915(g). Therefore, all claims in this action were dismissed as frivolous. This dismissed action counts as a strike. (D.E. 18, at 7).

In Clay v. Vasquez, No. 2:01cv135 (S.D. Tex. May 7, 2002), plaintiff raised claims for excessive force, retaliation and denial of due process. He indicated that he did not intend to sue certain defendants so they were dismissed without prejudice. The retaliation and due process violation claims were dismissed as frivolous or for failing to state a claim upon which relief could be granted. The excessive force claims were dismissed for failure to prosecute by plaintiff and for failure to comply with the Prison Litigation Reform Act. This dismissed action counts as a strike. (D.E. 18, at 7-8).

Indeed, plaintiff has had other actions dismissed because of his failure to prosecute or because he refused to pay the filing fee after motions to proceed in forma pauperis as a three strikes litigant.  See, e.g., Clay v. TDCJ, No. 4:05cv3611 (S.D. Tex. Oct. 26, 2005); Clay v. TDCJ-CID, No. 4:06cv059 (S.D. Tex. May 1, 2007).  At a minimum, he has at least three strikes that bars him from proceeding without prepaying the filing fee.  It is respectfully recommended that plaintiff is now barred from filing a civil suit unless he is in imminent danger of physical injury.

**B.     Plaintiff Is Not In Imminent Danger Of Physical Injury.**

In this action, plaintiff is suing Major Ambriz, Lieutenant Miles, Assistant Warden Norris Jackson, Sergeant Barrientes, Sergeant Buttery, Officer Valdez, Officer Daughtry, Officer Hernandez, Lieutenant Garcia, as well as John Doe prison officials.  (D.E. 1).  These defendants were employed at the McConnell Unit in Beeville, Texas at the time of plaintiff's allegations.

In the complaint, plaintiff explains that he was at the Estelle Unit before being transferred to the McConnell Unit on July 31, 2009.  Id. at 1-2.  However, when he arrived at the McConnell Unit, it was full so he was sent to the Connally Unit in Kenedy, Texas.  Id. at 1.  Because there was an inmate on his enemy list at the Connally Unit, he was subsequently transferred to the McConnell Unit on October 1, 2009.[1]  Id. at 1-2.

Plaintiff alleges that prior to his October arrival at the McConnell Unit he had a bottom bunk pass due to a medical restriction.  Id. at 2.  After he arrived in October 2009, he originally had a bottom bunk.

---

[1] It appears that the year was 2009 based on the following dates in the complaint, but plaintiff did not specifically indicate it was 2009.

On October 26, 2009, he was called as a witness and testified about an assault of inmate Brandon Clemons by Officer Hubbard. Id. He asserts that because of this testimony, he was retaliated against by being ordered to move to a different cell despite having a restriction against climbing stairs. Id. Plaintiff asserts that various defendants were directly or indirectly involved in forcing him to move to a cell incompatible with his medical restrictions. Id. at 3. Ultimately, as a result of facing disciplinary proceedings for disobeying orders he had to crawl upstairs to a cell with a broken window, without heat or ventilation, and a leak when it rained. Id. at 4. Despite repeated attempts to get transferred to a new cell, he alleges that his requests went unheeded. Id. at 5. He further claims that he was attacked by an inmate and suffered a cracked tooth due to his complaints. Id. at 5-6. On March 4, 2010, he was transferred to 8-Building, but refused and filed a life in danger claim. Id. Finally, he claims that he was transferred back to the Estelle Unit in order to thwart an investigation into his complaints. Id.

Plaintiff also claims that he was retaliated against and moved to the inadequate cell because he wrote a grievance against Officer McLeathy on October 5, 2009.

As a result of the treatment at the McConnell unit he alleges he was "placed in imminent danger of serious bodily injury as of the time of the alleged incidents." Id. at 7. At the time he filed this action, he was incarcerated at the Estelle Unit. Id. at 8.

This Court must assess whether plaintiff is exposed to imminent danger of serious injury at the time that he filed his pending motion. Choyce v. Dominguez, 160 F.3d 1068, 1071 (5th Cir. 1998) (per curiam) (citing Baños, 144 F.3d at 884-85). Courts have determined that in order to meet the imminent danger requirement of § 1915(g), the threat must be "real and proximate." Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (citation omitted). The harm must be

5

imminent or occurring at the time the complaint is filed, and the plaintiff must refer to a "genuine emergency" where "time is pressing." Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003) (per curiam) (citation omitted). Congress intended a safety valve to prevent impending harms, not those injuries which allegedly had already occurred. Abdul-Akbar v. McKelvie, 239 F.3d 307, 315 (3d Cir. 2001) (en banc). "A court may find that a complaint does not satisfy the 'imminent danger' exception if the complaint's 'claims of imminent danger are conclusory or ridiculous.'" Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (quoting Ciarpaglini, 352 F.3d at 331); accord Andrews v. Cervantes, 493 F.3d 1047, 1057 n.11 (9th Cir. 2007) (same).

Plaintiff has not alleged any facts to suggest that he is in imminent danger of physical injury. Indeed, his claims all concern events alleged to have occurred at the McConnell Unit even though he was at the Estelle Unit when he filed his action and now his appeal which removed the possibility that he was subject to any imminent danger. His pending motions do not provide any evidence of imminent danger. It is respectfully recommended that plaintiff has failed to establish he is in imminent danger at the time of his appeal.

### III. RECOMMENDATION

Plaintiff has lost the privilege of proceeding in forma pauperis, and he has failed to allege that he is in imminent danger of physical harm at the time he filed the complaint. Accordingly, it is respectfully recommended that plaintiff's motion for leave to proceed on appeal in forma pauperis, (D.E. 28), be denied. Furthermore, it is respectfully recommended that plaintiff's application to proceed in forma pauperis on appeal, (D.E. 30), be denied.

Respectfully submitted this 21st day of May 2012.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).